### EASTMAN v BREWER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14957. Decided June 24, 1935

E. Dana Brooks, North Royalton, for plaintiff.

Davies & Eshner, Cleveland, for defendant.

LEMERT, PJ, MONTGOMERY and SHERICK, JJ, (5th Dist) sitting by designation.

## OPINION

By SHERICK, J.

It is conceded that, by virtue of §10512-9, GC, exclusive jurisdiction is conferred upon the Probate Court in proceedings for adoption. But it is insisted by the plaintiff that inasmuch as his court had first assumed jurisdiction of the person of the minor child as a dependent, and in the absence of his approval which is withheld, that the Probate Court is without jurisdiction and powerless to proceed in the matter of the child's adoption. The rule is invoked that where a court of competent jurisdiction has once assumed to adjudicate a matter, that another court of concurrent jurisdiction may not entertain jurisdiction of the same subject matter. We doubt the applicability of this rule to the situation here arising for the reason that the Juvenile Court has no jurisdiction in matters of adoption. We recognize, however, that the effect of an order of adoption is to confer upon the adopting parent the right of custody and control of the minor child. Adoption of the child would if consummated infringe upon the Juvenile Court's powers and duties.

We find that the legislature in part recognized that the jurisdiction of these courts might overlap and in part conflict as is evidenced by the enactment of §10512-11 GC under the title of adoption. It is there prescribed, that

"In any adoption proceedings written consents must be given to such adoption as follows:

(b)   By the Juvenile Court if both of the parents have failed or refused to support the child for two consecutive years."

From all we know from the petition as we find it, this provision may be applicable to the facts of this case. It needs no citation of authority that pleadings when attacked by demurrer are liberally construed and most favorable to the pleader.

We are unable to consider the matters and things commented upon in oral argument. Had the matter been presented to us upon the merits, that is the issue made

by a sufficient and proper answer and proof of averments made as indicated in argument, the result of our conclusion might have been different.

The demurrer is overruled and defendant is granted ten days in which to plead. Exceptions noted.

LEMERT, PJ, and MONTGOMERY, J, concur.